UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUSAN SCHMERLER as Power of Attorney
for Samuel Schmerler,

                              Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                           Defendant.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-1574 (RRM) (ARL)

**LINDSAY, Magistrate Judge:**

On September 18, 2019, Feldman, Kramer & Monaco, P.C. filed a motion for leave to withdraw as counsel for the plaintiff, Susan Schmerler ("Schmerler"). Schmerler and the defendant were afforded an opportunity to weigh-in on the motion by filing papers with the Court on or before September 30, 2019. United States of America filed a timely letter indicating that it did not take a position with respect to the motion to withdraw, but it did request that its time to answer be adjourned until thirty days after new counsel appeared in this case. Despite service of the motion, Schmerler did not respond.

By order dated October 1, 2019, the Court granted the motion, finding that Feldman, Kramer & Monaco, P.C. had demonstrated a legal justification for the withdrawal. The Court granted Schmerler 30 days to obtain new counsel and advised her that in order to proceed with this case she would be required to retain counsel. The undersigned explained that Schmerler would not be permitted to proceed *pro se* given that her claims were being asserted on behalf of her father. *DePonceau v. Pataki,* 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (New York law prohibits the practice of law in this state by a person who is not an admitted member of the bar regardless of the authority purportedly conferred by execution of a power of attorney). In

addition, the Court warned Schmerler that her failure to obtain new counsel by November 1, 2019 could result in a Report and Recommendation to the District Judge that the case be dismissed for failure to prosecute.  At the Court's direction, a copy of the order was served on Schmerler on October 3, 2019 by post-paid first class mail, return receipt requested.  To date, Schmerler has not obtained new counsel.  Nor has she attempted to contact the Court.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); see also *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).  In this case, Schmerler was warned that her failure to obtain new counsel could result in the dismissal of her claim.  In addition, the defendant is likely to be prejudiced by the delay.  According to counsel for the defendant, the parties had already attempted to resolve this matter through a voluntary dismissal after a letter from the Department of Veterans Affairs called into question the merits of Schmerler's claims.  Specifically, in contrast to Schmerler's claim that her father was injured in a fall while he was in the emergency room at the Veterans Affairs Medical Center ("VAMC"), the VAMC has indicated that Mr. Schmerler did not, in fact, fall.  It appears that another veteran fell in the emergency room that day and the VAMC doctor erroneously noted the fall in Samuel Schmerler's patient record.  Id. Ex. B.  Under these circumstances, the undersigned believes

2

that the defendant would be prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties and copy is being sent by Federal Express to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York  
       November 26, 2019

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge